Michele Haydel Gehrke (SBN 215647)
Email: mgehrke@reedsmith.com
Kourosh Jahansouz (SBN 292559)
Email: kjahansouz@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Mona A. Razani (SBN 312234)
mrazani@reedsmith.com
REED SMITH LLP
355 South Grand Ave
Suite 2800
Los Angeles, CA 90071
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendants
UNITED AIRLINES, INC., ELIZABETH JACOBSEN, ROBERT J. SMITH JR.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL QUIGLEY,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC., UNITED AIRLINES HOLDINGS, INC., ELIZABETH JACOBSEN, ROBERT J. SMITH JR., and DOES 1-100, inclusive<br><br>Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**<br><br>San Francisco County Superior Court<br>Case No.: CGC-20-588262<br>State Action Filed: November 19, 2020 |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, THE CLERK OF COURT, AND PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants United Airlines, Inc. ("United"), Elizabeth Jacobsen ("Jacobsen"), and Robert J. Smith Jr. ("Smith") (collectively, "Defendants") hereby remove the above-captioned action from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441 and 1446, asserting original federal jurisdiction on the basis of diversity under 28 U.S.C. § 1332(a)(1). Defendants remove on two separate and sufficient grounds to establish diversity jurisdiction: (1) Plaintiff was not a resident of California as alleged and therefore, there is complete diversity between the parties; and (2) alternatively, assuming Plaintiff was a citizen of California, the individual Defendants, Jacobsen and Smith, were fraudulently joined as sham defendants and their citizenship should be disregarded for purposes of evaluating diversity. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiff Michael Quigley ("Plaintiff"), and filed with the Clerk of the California Superior Court for the County of San Francisco, as an exhibit to a Notice to State Court of Removal to Federal Court.

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1. Plaintiff filed this action against Defendants on November 19, 2020, in the Superior Court for the County of San Francisco, in a case entitled, *Quigley v. United Airlines, Inc. et al.*, Case No. CGC-20-588262 (the "State Court Action").

2. On December 24, 2020, the State Court Action was served on United. *See* Declaration of Michele Haydel Gehrke ("Gehrke Declaration") at ¶ 2. On January 2, 2021, Jacobsen was served with the State Court Action. *Id.* To date, Smith has not been served with the State Court Action. *Id.*. On January 22, 2021, Defendants timely removed the State Court Action to this Court. *Id.* at ¶ 3. Copies of the Complaint in the State Court Action are attached to the Gehrke Declaration as **Exhibit A**, and constitute all process, pleadings, and orders purported to be served on Defendants in this action. *Id.* at ¶ 4.

3. In the State Court Action, Plaintiff alleges state law claims for age and disability

discrimination, hostile work environment harassment on the bases of age and disability in violation of the California Fair Employment and Housing Act ("FEHA"), retaliation in violation of the FEHA, failure to provide reasonable accommodation, failure to engage in the interactive process, failure to prevent discrimination, harassment, and retaliation, breach of an express oral contract, breach of an implied-in-fact contract, negligent hiring, supervision and retention, wrongful termination, whistleblower retaliation in violation of Labor Code section 1102.5, and intentional infliction of emotional distress. *See generally* Complaint. The only claims Plaintiff brings against Jacobsen and Smith are for hostile work environment in violation of the FEHA and intentional infliction of emotional distress. *Id.*

4. A copy of the Notice to State Court of Removal to Federal Court is attached (without exhibits) to the Gehrke Declaration at ¶ 5, **Exhibit B**.

## NO JOINDER NECESSARY

5. Because there are no other ascertainable defendants in this action, no consent to removal is necessary.

## BASES FOR REMOVAL

6. This Court has original jurisdiction under 28 U.S.C. § 1332 pursuant to 28 U.S.C. § 1441 because it involves a controversy that exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), and because Plaintiff and Defendants are diverse. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (complete diversity requirement inapplicable where "non-diverse defendant has been 'fraudulently joined.'").

## DIVERSITY JURISDICTION

7. "[F]ederal removal jurisdiction on the basis of diversity … is determined … as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transport Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

8. Courts disregard fictitious "DOE" when evaluating diversity. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal.").

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**Plaintiff's Citizenship**

9. Plaintiff alleges he is an individual who at all times mentioned in the Complaint was a resident of the County of San Francisco, California. *See* Complaint ("Compl.") ¶ 1. A review of United's records kept in the ordinary course of business, however, indicates that Plaintiff was at all times mentioned in the Complaint a resident of the State of Florida. Declaration of Dorota Karpierz ("Karpierz Declaration") at ¶ 3.

10. A natural person's citizenship is determined by his state of domicile. *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *Lopez v. Nationstar Mortgage LLC*, 2015 WL 6478263, *2 (C.D. Cal. Oct. 26, 2015) ("In the absence of evidence to the contrary, a party will be treated as a citizen of its state of residence for federal diversity purposes."). Consequently, Plaintiff is domiciled in Florida.

**United's Citizenship**

11. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." United is now, and ever since this action commenced has been, incorporated under the laws of the State of Delaware, with its principal place of business in Chicago, Illinois under the "nerve center" test. Karpierz Declaration at ¶ 3; *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

**Jacobsen's and Smith's Citizenship**

12. Defendants Elizabeth Jacobsen and Robert J. Smith Jr. are both domiciled in the state of California. Gehrke Declaration at ¶ 4; Compl. at ¶ 2.

13. Consequently, because Plaintiff is a citizen of the state of Florida, whereas the individual defendants are citizens of California and United is incorporated in Delaware with its principal place of business in Illinois, complete diversity exists. As such, removal is appropriate. *See* 28 U.S.C. §1331-32.

**Amount in Controversy Exceeds $75,000**

14. When courts "assess the amount in controversy [they] … include all relief to which a plaintiff is entitled if the action succeeds." *Fritsch v. Swift Trans. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). In determining whether the amount in controversy exceeds $75,000, the Court

must presume Plaintiff will prevail on all of his claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002) ("a court must assume . . . a jury will return a verdict for the plaintiff on all claims made in the complaint").

15. The Complaint seeks economic damages in the form of past and future income and employment benefits, non-economic damages as a result of psychological and emotional distress, punitive damages, interest on Plaintiff's alleged damages, and costs and attorneys' fees. *See* Compl. at ¶ 15-19, Prayer for Relief.  Courts include each of these categories of damages in evaluating the amount in controversy.  *See, e.g.*, *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) ("[E]motional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the complaint."); *Ramirez*, 2018 WL 5816107, *10 (court includes benefits in evaluating amount in controversy).

16. In evaluating the amount in controversy where a plaintiff seeks unpaid wages, courts consider past and "future wages … whatever the likelihood that she will actually recover them." *Tipton*, 2019 WL 185687, *9; *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (amount in controversy includes future wages for terminated employee).  In evaluating the appropriate period of time for calculating future wages, "sixteen months from the date of removal is [] appropriate[.]" *Tipton*, 2019 WL 185687, *8; *see also Fisher v. HNTB Corp.*, 2018 WL 6323077, *5 (C.D. Cal. Dec. 3, 2018) ("Defendants' proposed date of trial for purposes of [removal] – one year from the date of removal – is a conservative estimate of the trial date.").

17. Plaintiff's termination at United was effective on or about November 13, 2019.  *See* Karpierz Decl. ¶ 3.  Plaintiff alleges he was wrongfully terminated.  *See generally* Compl. at ¶¶ 15-20, 77-82.  Plaintiff specifically seeks economic damages in the form of lost past and future income and economic benefits, including lost wages and overtime.  *See generally* Compl. at ¶ 16.  In 2016, when Plaintiff worked all or most of the year, he earned $94,117.48 in reportable W-2 wages (Box 1 on the W-2 Form, "Wages, tips, other comp.").  *See* Karpierz Decl., ¶ 4.  In 2017, when Plaintiff worked all or most of the year, he earned $78,439.03 in reportable W-2 wages. *Id.*  In 2018, a year Plaintiff took some time off work, he earned $56.692.17.  *Id.*  Further, in 2019, Plaintiff did not work

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

at all, but rather only received $19,556.25 as a result of payouts for sick pay, profit sharing, and quarterly incentive payments. *Id.* Had Plaintiff not separated from his position, United estimates he would have earned at least a comparable amount in 2020 that he earned in 2017, not accounting for regular pay increases Plaintiff may have been scheduled to receive in accordance with his collective bargaining agreement. *Id.* Therefore, Plaintiff's purported past economic damage alone satisfies the amount in controversy requirement. Plaintiff also received dental insurance, medical insurance, a 401(k) plan, profit sharing, days and other benefits not included in this figure. *Id.* at ¶ 5.

18. Because Plaintiff seeks "loss of earnings," to the extent Plaintiff seeks future damages or front pay, such front pay awards in California span several years. *See e.g. Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached which was four years); *Drzewiecki v. H & R Block, Inc.*, 24 Cal. App. 3d. 695, 705 (1972) (ten years). Assuming a front-pay award of two years from the trial date, Plaintiff purported front-pay award would be $156,878.06.00.[1]

19. Plaintiff further seeks to recover emotional distress damages (identified specifically in the Complaint as "general damages"). Compl. at p. 18. Emotional distress damages are considered for the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("district court properly considered . . . emotional distress damage awards in similar age discrimination cases . . ."). Emotional distress damages in California discrimination cases can also be sizeable. *See e.g. Ramirez v. Little Caesars Enterprises, Inc.*, 2:18-CV-07993-AB-JPR, 2018 WL 5816107, at *11 (C.D. Cal. Nov. 2, 2018) ("emotional distress damages ranged from $500,000 to $2.5 million"). United denies that emotional distress damages should be awarded here; however, for purposes of the amount in controversy requirement, these claimed damages should be considered and in of itself exceeds the amount of controversy requirement.

20. The Complaint also seeks punitive damages. *See* Compl. at ¶ 18, Prayer for Relief. Punitive damages are considered part of the amount in controversy. *See Simmons*, 209 F. Supp. 2d at 1033 ("[t]he amount in controversy may include punitive damages when they are recoverable as a

---

[1] This number is calculated by doubling the wages Plaintiff earned in 2017, the last full year he worked. ($78,439.03 x 2 years).

matter of law"). "Punitive damages are available under FEHA." *Id.* Defendants deny that punitive damages should be awarded here; however, for purposes of the amount in controversy requirement, claimed punitive damages should be considered.

21. The Complaint seeks an award of attorneys' fees. *See* Compl. at ¶ 19, Prayer for Relief. "[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d at 794. "Attorneys' fees are recoverable as a matter of right to the prevailing party under FEHA." *Id.* At least one California District Court "determined that an appropriate and conservative estimate for attorneys' fees in employment cases in this district may reasonably be expected to equal at least $30,000." *Ramirez*, 2018 WL 5816107, *10 ("includ[ing] $30,000 of attorneys' fees in the amount in controversy"). Defendants deny that any attorneys' fees should be awarded here; however, for purposes of the amount in controversy requirement, claimed attorneys' fees should be considered. While Defendants deny any liability in connection with Plaintiff's claims, because diversity of citizenship exists and the amount in controversy exceeds $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. §1332(a).

**Alternatively, The Court Must Disregard the Citizenship of Jacobsen and Smith Because They are Not Properly Joined in this Action**

22. Alternatively, assuming Plaintiff was a citizen of California as alleged in the Complaint, removal is still proper because the individual defendants were fraudulently joined.

23. Although complete diversity is required under section 1332, district courts may ignore the fraudulent joinder of non-diverse defendants in determining whether diversity jurisdiction exists. *Johnson v. Grancare, LLC*, 2015 WL 686576 at *5 (N.D. Cal. Nov. 9, 2015). A defendant's right of removal cannot be defeated by fraudulent joinder of a non-diverse defendant. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("It is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds."). Where a plaintiff clearly fails to state a cause of action against a resident defendant, joinder of the resident defendant is fraudulent. *Id.*

24. "Joinder is fraudulent if the plaintiff fails to state a claim against a resident defendant, and the failure is obvious according to the settled rules of the state." *Johnson v. Grancare*, 2015 WL

686576 at *5. Determining whether a plaintiff sufficiently stated a claim against a resident defendant, however, is "constrained to the facts actually alleged [in the complaint]; it does not extend to facts or causes of action that *could* be alleged via an amended complaint." *Id.* at *6.

**Plaintiff's Harassment Claims**

25. Plaintiff may argue that he makes sufficient allegations causes of action against Jacobsen and Smith for hostile work environment harassment in violation of the FEHA. To state a viable claim for harassment, Plaintiff must allege conduct "sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment[.]" *Wexler v. Jensen Pharm., Inc.*, 2015 WL 6159101, *4 (C.D. Cal. Oct. 20, 2015) (*citing Fisher v. Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 609 (1989)). Mere "occasional, isolated, sporadic, or trivial" conduct is insufficient to state a harassment claim. *Wexler*, 2015 WL 6159101 at *4.

26. California courts have repeated explained the difference between FEHA harassment and discrimination:

> [T]he Legislature intended that commonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, do not come within the meaning of harassment. These are actions of a type necessary to carry out the duties of business and personnel management. These actions may retrospectively be found discriminatory if based on improper motives, but in that event the remedies provided by the FEHA are those for discrimination, not harassment. Harassment, by contrast, consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management. This significant distinction underlies the differential treatment of harassment and discrimination in the FEHA.

*Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 64-65 (1996). Put another way, harassment "refers to bias that is expressed or communicated through interpersonal relations in the workplace." *Hugais v. Sara Lee Corporation*, 2013 WL 3929141, *2 (N.D. Cal. July 26, 2013). Examples include conduct "engaged in for personal gratification, because of meanness or bigotry, or for other personnel motives. . . ." *Id.* (quoting *Baird*, 18 Cal. 4th at 645-47).

27. "Conduct arising out of necessary personnel management duties cannot form the basis of a harassment claim." *Cava v. NetVersant-Nat., Inc.*, 2007 WL 4326754, *5 (N.D. Cal. Dec. 7, 2007);

*see also Janken*, 46 Cal. App. 4th at 64 ("We . . . find that the exercise of personnel management authority properly delegated by an employer to a supervisory employee might result in discrimination but not in harassment.").

28. Of note, Jacobsen is referenced only one time in the Complaint. According to the Complaint, on or around November 26, 2019, Plaintiff "received a termination letter from Elizabeth Jacobsen." *See* Compl., ¶ 15a. Such a routine personnel management action cannot form the basis of a harassment claim. Further, the conduct alleged in the Complaint against Smith (e.g., assisting with medical leave paperwork, and requesting a meeting) also constitute non-actionable personnel management decisions. *See, e.g.*, *Lewis v. United Parcel Serv., Inc.*, 252 Fed. Appx. 806, 808 (9th Cir. 2007) ("[T]he threat of termination was a personnel management action that cannot be considered 'harassment'"); *Wong v. Thomson Reuters, LLC*, 2011 WL 2912900, *4-5 (N.D. Cal. July 20, 2011) (noting that "firing, job or project assignments, office or work station assignments, promotion or demotion, or performance evaluations" constitute personnel management decisions); *Hegelson v. Am. Int'l Group, Inc.* 44 F. Supp. 2d 1091, 1095 (S.D. Cal. 1999) ("Performance reviews, counseling sessions, lay-off decisions, and work assignments" are routine personnel management decisions.").

29. Courts have repeatedly found that harassment claims against in-state defendants predicated on allegations similar to those at issue here will not defeat diversity jurisdiction. *See, e.g.*, *Tipton v. Airport Terminal Servs.*, 2019 WL 185687, *7 (C.D. Cal. Jan. 14, 2019) (denying motion to remand because harassment claim against in-state sham defendant was based largely on personnel management actions); *Ramirez*, 2018 WL 5816107, *6 (same); *Cofer v. Parker-Hannifin Corp.*, 194 F. Supp. 3d 1014, 1020-21 (C.D. Cal. July 8, 2016). Rather, they were isolated events with no discernible relationship to Plaintiff's alleged disability and thus could not create a hostile work environment. *See, e.g.*, *Wexler*, 2015 WL 6159101, *4 (Harassment "excludes conduct that is 'occasional, isolated, sporadic, or trivial.'").

30. Thus, to the extent Plaintiff argues he has asserted viable claims of harassment against Jacobsen and Smith, such allegations are non-actionable personnel actions and do not constitute severe and pervasive harassment.

**Plaintiff's IIED Claim**

31.     The same rules regarding management decisions applies to Plaintiff's claim that Jacobsen and Smith may be liable for intentional infliction of emotional distress ("IIED"). *See, e.g.*, *Zhang v. Walgreen Co.*, 2010 WL 4174635, *3 (N.D. Cal. Oct. 20, 2010) ("Managing personnel is not outrageous conduct beyond the bounds of human decency. . . . [S]imply pleading personnel management activity is insufficient to support an IIED claim, even if the plaintiff alleges that such activity was improperly motivated. Rather, if personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination."); *Wynes v. Kaiser Permanente Hosps.*, 2012 WL 1302916, *10 (E.D. Cal. Mar. 31, 2011) ("misrepresenting facts in Plaintiffs' performance reviews, maligning their professional skills and competence, depriving them of favorable references, and creating dishonest write-ups" are "mere indignities [that]…do not meet the bar for an IIED claim."); *Walker v. Boeing Corp.*, 218 F. Supp. 2d 1177, 1190 (C.D. Cal. 2002) ("Terminating an employee for improper or discriminatory reasons, like many other adverse personnel management decisions, is insufficiently extreme or outrageous to give rise to a claim for intentional infliction of emotional distress."); *Helgeson v. Am. Int'l Group, Inc.*, 44 F. Supp. 2d 1091, 1095 (S.D. Cal. 1999) ("Performance reviews, counseling sessions, lay-off decisions, and work assignments…[e]ven if…improperly motivated [] fall far short of the necessary standard of outrageous conduct beyond all bounds of decency.").

32.     "Even if [employment] decisions [are] improperly motivated they fall far short of the necessary standard of outrageous conduct beyond all bounds of decency." *Bradshaw v. Glatfelter Ins. Group*, 2009 WL 1438265, *4 (E.D. Cal. May 20, 2009) ("Plaintiff has not alleged any facts that give rise to a reasonable inference that Defendants' conduct was anything other than management-level decisions involving employee placement, workplace investigations, performance evaluations, and staffing. … [S]uch decisions are 'personnel management decisions" and cannot be considered 'extreme or outrageous' for purposes of establishing IIED liability."); *see also Zhang*, 2010 WL 4174635 at *3

33.     Thus, the trivial forms of undesired treatment alleged in the Complaint (e.g., filling out leave paperwork, requesting a meeting, and termination) do not support an IIED cause of action against

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

either Jacobsen or Smith.

34. Moreover, Plaintiff's IIED cause of action wholly lacks legal support because workers' compensation is the exclusive remedy for Plaintiff's alleged work-related emotional distress. *See Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal.3d 148, 160 (1987) ("[W]hen the misconduct attributed to the employer … are demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances, an employee suffering emotional distress causing disability may not avoid the exclusive remedy provisions of the Labor Code by characterizing the employer's decisions as manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance resulting in disability"). "[B]ecause the[] alleged employment decisions occurred within the context of an employment relationship, any IIED claim based on these actions is barred by the California Workers' Compensation Act's exclusive remedies provision." *Tipton*, 2019 WL 185687 at *7.

**The Parties Are Diverse**

35. As set forth above, complete diversity of citizenship exists here because the parties, Plaintiff and United, are citizens of different states. This is the case even if Plaintiff was a citizen of California, as he alleges in his Complaint. *See* Compl., ¶ 1. Additionally, the Complaint does not set forth the identity or status of any said fictitious defendants, nor any charging allegation against any fictitious defendants. The citizenship of these Doe defendants is disregarded for diversity jurisdiction, and therefore cannot destroy the diversity of citizenship between the parties in this action. 28 U.S.C. 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

**VENUE**

36. The State Court Action is being removed from the Superior Court of the State of California, County of San Francisco. *See generally* Compl. As such, venue lies in the Northern District of this Court pursuant to 28 U.S.C. §§1441 and 1446(a).

**TIMELINESS OF REMOVAL**

37. This Notice of Removal is timely because Defendants have removed within 30 days of service. 28 U.S.C. § 1446(b).

# CONCLUSION

WHEREFORE, Defendants give notice that the State Court Action pending against it in the Superior Court of the State of California for the County of San Francisco is removed to this Court.

DATED: January 22, 2021

REED SMITH LLP

By:  /s/ Michele Haydel Gehrke
Michele Haydel Gehrke
Kourosh Jahansouz
Mona Razani
Attorneys for Defendants
UNITED AIRLINES, INC., ELIZABETH JACOBSEN, ROBERT J. SMITH JR.